# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0821
_____

ZATORIYAN J. GOULD,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Joshua Hawkes, Judge.

November 27, 2024

OSTERHAUS, C.J.

    Zatoriyan Gould challenges his convictions for first-degree felony murder and second-degree murder, arguing that they violate the prohibition against double jeopardy. Gould argues that these are degrees of the same offense, and the State agrees. We affirm the judgment and sentence in part but vacate it as to Gould's conviction on the lesser, second-degree murder count.

## I.

    One day in 2020, Gould and his codefendant decided to rob someone. They contacted the victim and pretended that they wished to buy drugs from him. In the course of committing the

crime, the victim attempted to flee, so Gould and his codefendant shot and killed the victim.

Gould's case went to trial, and he was convicted of first-degree felony murder, second-degree murder, and armed robbery with a firearm. He was sentenced to life in prison without the possibility of parole on the felony murder count. Gould also received concurrent life sentences on the second-degree murder and armed robbery counts.

This appeal followed in which Gould argues that his conviction and sentencing for both first-degree and second-degree murder of the victim violates the constitutional prohibition against double jeopardy. The State agrees with Gould and advocates for remand to the trial court for dismissal of the less severe, second-degree murder count.

## II.

"Double jeopardy claims based on undisputed facts present purely legal questions subject to de novo review." *Richardson v. State*, 387 So. 3d 490, 492 (Fla. 1st DCA 2024). Though Gould did not preserve this argument below, "a double jeopardy violation is fundamental error that may be addressed for the first time on appeal." *Id.* "[T]he prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature 'intended to authorize separate punishments for the two crimes.'" *Stephens v. State*, 331 So. 3d 1241, 1253 (Fla. 1st DCA 2022) (quoting *M.P. v. State*, 682 So. 2d 79, 81 (Fla. 1996)). The Legislature has outlined three situations where dual convictions are barred:

1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

§ 775.021(4)(b), Fla. Stat.; *see also Trappman v. State*, 384 So. 3d 742, 749 (Fla. 2024) (noting that the legislature has provided "very

specific guidance concerning the general rules for determining when separate punishments are properly applied for separate offenses that are committed during one criminal transaction or episode").

Neither the first nor third exception applies here.[*] But the parties agree that under the second exception, first-degree felony murder and second-degree murder are degrees of the same offense. The Florida Supreme Court has outlined a textual approach for determining whether two crimes are degree-variants of one another. *Valdes v. State*, 3 So. 3d 1067, 1076 (Fla. 2009) ("[t]he Legislature intends to disallow separate punishments for crimes arising from the same criminal transaction only when the *statute* itself provides for an offense with multiple degrees." (quoting *State v. Paul*, 934 So. 2d 1167, 1176 (Fla. 2006) (Cantero, J., specially concurring))). "To this end, we look to 'factors such as whether the offenses are located in the same statute, share a common name, contain similar formal elements, and criminalize similar conduct.'" *Richardson*, 387 So. 3d at 493 (quoting *Velazco v. State*, 342 So. 3d 614, 617 (Fla. 2022)).

Examining the two counts here, both are degrees of murder. They arise from the same statute, § 782.04, that criminalizes the same conduct, the unlawful killing of a human being. They share the name "Murder," the given title of the statute. And the

---

[*] The parties acknowledge that first-degree felony murder and second-degree murder satisfy the "same-elements test" outlined in *Blockburger v. United States*, 284 U.S. 299 (1932). *See Stephens*, 331 So. 3d at 1253-54 ("Without an explicit statement of legislative intent authorizing separate punishments for two crimes, courts determine whether separate punishable offenses exist through application of the *Blockburger* 'same-elements test,' as codified in section 775.021(4), Florida Statutes. Under this test, courts look to whether 'each offense requires proof of an element that the other does not.'" (internal citations omitted) (quoting § 775.021(4)(a), Fla. Stat.)). First-degree felony murder requires an enumerated felony be committed while second-degree murder does not. And second-degree murder contains a mental state requirement absent in first-degree felony murder. *See* § 782.04(1)(a), (2), Fla. Stat.

Legislature described these offenses explicitly as "degrees" of murder. A plain reading of § 782.04 confirms that the two murder counts here are degrees of the same offense, each falling within one of the three degrees set forth in the statute. *See, e.g., Stephens*, 331 So. 3d at 1256 ("[t]he Legislature chose to expressly classify murder into three different 'degrees'"); *Rodriguez v. State*, 331 So. 3d 774, 778 (Fla. 2d DCA 2021) (concluding that convictions for second-degree depraved heart murder and third-degree murder (a version of felony murder) violate double jeopardy). Because first-degree felony murder and second-degree murder are degrees of the same offense, Gould's conviction and life sentence on both counts violates the prohibition against double jeopardy.

## III.

Accordingly, we affirm Gould's convictions for first-degree felony murder and armed robbery with a firearm but vacate his conviction for second-degree murder. *See Richardson*, 387 So. 3d at 494 (citing cases supporting the affirmance of the "greater offense" and the vacatur of the "lesser offense" when convictions violate double jeopardy).

AFFIRMED in part, VACATED in part, and REMANDED.

M.K. THOMAS and LONG, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Jessica J. Yeary, Public Defender, and Kathleen Pafford and Megan Lynne Long, Assistant Public Defenders, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Adam Blair Wilson, Assistant Attorney General, Tallahassee, for Appellee.